FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In the Matter of: DOCTORS MARKETING GROUP, INC., <br><br> Debtor, <br><br> ——————————————— <br><br> JEFF HOLMES, <br><br>    Appellant, <br>  v. <br><br> FRONTLINE MEDICAL ASSOCIATES, INC., a California corporation, <br><br>    Appellee. | No. 10-55499 <br><br> D.C. No. 2:08-cv-07727-GW <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 26, 2012**

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

———————

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jeff Holmes appeals pro se from the district court's order reversing the bankruptcy court's decision and vacating the judgment as void for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo, *Sea Hawk Seafood, Inc. v. Alaska (In re Valdez Fisheries Dev. Assoc.)*, 439 F.3d 545, 547 (9th Cir. 2006), and we affirm.

Contrary to Holmes's contention, the bankruptcy court did not have jurisdiction over this proceeding because the outcome would have no effect on the estate being administered in bankruptcy. *See Fietz v. Great W. Sav. (In re Feitz)*, 852 F.2d 455, 457 (9th Cir. 1988) (bankruptcy courts have "related to" jurisdiction over a civil proceeding only when "'*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*'" (citation omitted)); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[S]ubject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." (citation omitted)).

**AFFIRMED.**

10-55499